OPINION OF THE COURT
Luke M. Charde, Jr., J.
The defendant pleaded guilty to driving while intoxicated as a felony and was sentenced on August 8, 1985 to five years’ probation with a condition of probation that he spend the first four months of weekends in jail. The sentence was imposed pursuant to Penal Law § 60.01 (1) and Penal Law article 85.
Shortly thereafter the defendant was alleged to be in violation of his probation and was brought before the court on a violation of probation petition. The defendant admitted the violation of probation. The defendant’s probation was thereupon revoked and the defendant was resentenced to five years’ probation with a condition of probation that the defendant spend the first six months in the Orange County Jail.
Pursuant to the mandate of CPL 440.60 the Orange County Department of Probation notified the District Attorney that the Probation Department felt that the resentence was an invalid sentence as a matter of law.
The matter was placed on the court’s calendar for conference/argument and the People and Probation argued to the court that Penal Law § 60.01 (2)-(4) prohibited a sentence of "shock probation” or "split sentence” upon a revocation of a prior sentence of “shock probation”. The People and Probation *254 base their argument on the Supplementary Practice Commentaries by William C. Donnino (McKinney’s Cons Laws of NY, Book 39, 1975-1984 Supp Pamph, Penal Law § 60.01, p 73) and state to the court that it is the "opinion of Counsel from the New York State Division of Probation” that revocation in the case where the original sentence was " ’shock probation’ would have to result in a straight period of confinement with no additional probation”. The Probation Department points to the last line of the aforesaid commentary which contains the words "for the first time” (ibid.) as the basis of their claim.
The clear language of Penal Law § 60.01 (4) as it has been amended by Laws of 1984 (ch 548, § 2, eff Nov. 1, 1984) allows for probation and imprisonment upon revocation of "the part of the sentence that provides for probation”. (Emphasis added.) By use of the words "part of’ the Legislature is clearly allowing successive split sentences. The amended statute is clear on its face that it allows successive split sentences and therefore there is no need to look to the legislative history or the Practice Commentaries.
Notwithstanding the above, the Practice Commentaries appear to be consistent with this court’s interpretation of the statute since "for the first time” in the context used in the Practice Commentaries, appears to mean that the sentencing court, now, for the first time, has the option of sentencing the defendant to a successive split sentence upon the revocation of the first split sentence.