OPINION OF THE COURT
George A. Murphy, J.
This CPLR article 78 proceeding by the petitioner seeks eligibility for consideration for conditional release pursuant to *266 the provisions of (new) article 12 of the Correction Law. The petition is opposed by the respondent on the grounds that such relief is unauthorized as a matter of law under the circumstances of petitioner’s case.
The petitioner, having completed 30 days of a six-month sentence of imprisonment, applied for consideration for conditional release to respondent Nassau County Conditional Release Commission (Commission) pursuant to the provisions of article 12, § 273 of the Correction Law. The Commission, in turn, denied the application on the grounds that the petitioner has not received a definite sentence of imprisonment. The Commission concluded that because the sentence of imprisonment was also a condition of a concurrent sentence of five years’ probation pursuant to the authority of Penal Law § 60.01 (2) (d), the application had to be (and was) denied.
The respondent is empowered by article 12, § 272 (1) of the Correction Law to determine "which persons sentenced within the county and serving a definite sentence of imprisonment and eligible for conditional release pursuant to subdivision two of Section 70.40 of the Penal Law may be released on conditional release”.
The court is authorized, in the first instance, to impose a definite sentence of imprisonment and fix a term of one year or less pursuant to section 70.00 (4) of the Penal Law.
Moreover, Penal Law § 60.01 (2) (d) permits the court, when the sentence for a felony is not in excess of six months, to also impose a sentence of probation with the sentence of imprisonment as a condition of, and to run concurrently with, the sentence of probation. Penal Law § 60.01 (2) (a) specifies such manner of sentence as a "revocable sentence”.
After considering all of the above-cited portions of the sections of law relevant to the question presented in the petition at bar, the court concludes that the petitioner is not the recipient of a "definite sentence” but rather of a "revocable sentence” of imprisonment and probation, referred to generally as a "split sentence.” It is manifest that the petitioner has already received the benefit of Penal Law § 70.00 (4) which permits alternative definite sentence for certain felonies. In addition, he has received the benefits afforded by Penal Law § 60.01 (2) (d), subject to the terms and type of sentence defined therein. At this juncture, there appears to be no further "eligibility” under Penal Law § 70.40 nor the current status of an inmate serving a "definite sentence” as expressly required by Correction Law § 272 (1).
*267 Clearly, then, the petitioner already has received all of the relief afforded by the law. Consequently, the Commission is not even empowered to grant his application for consideration, nor is there any authority left for him to seek such relief from the Commission. The very fact that Penal Law § 60.01 (2) (d) makes the sentence of imprisonment a "condition” of probation indicates that serving the term of imprisonment is a predicate to probation and is imposed as an act of leniency in avoidance of much harsher and longer incarceration for the felony conviction. The relief of conditional release here would clearly be additional relief in excess of that provided for in the law and already granted to the petitioner pursuant to law by the sentencing court.
The petition, therefore, is dismissed.