OPINION OF THE COURT
Charles F. Graney, J.
Samuel Antinore, the petitioner herein, was previously sentenced by the Genesee County Court to a period of five years’ probation, the first six months of which were to be served in the Genesee County Jail. This disposition is authorized by Penal Law § 60.01 (2) (d). The petitioner commenced *521 this period of incarceration on October 23, 1989. Subsequently the petitioner applied for conditional release pursuant to Penal Law § 70.40 (2) as amended by Laws of 1989 (ch 79). The petitioner’s application was rejected by the respondent on the basis that the petitioner was not eligible for release because he was not serving a "definite sentence”.
Petitioner now applies to this court pursuant to CPLR article 78 for an order setting aside the decision of the respondent and granting the release of the petitioner. This court may vacate the respondent’s determination if it finds it was affected by an error of law (see, CPLR 7803 [3]).
The respondent based its determination upon a memorandum of the Division of Probation and Correctional Alternatives. That memorandum advises that a sentence such as that imposed upon the petitioner is not a "definite sentence” for purposes of conditional release. That determination apparently relies on a sentence in Penal Law § 60.01 (2) (d) which states that "The sentence of imprisonment shall be a condition of and run concurrently with the sentence of probation”. It reasons that, since a sentence of probation is a revokable sentence, the term of imprisonment imposed on the petitioner is not a "definite sentence”. This interpretation was adopted by the Supreme Court, Nassau County, in the case of Matter of Bracken v Nassau County Conditional Release Commn. (146 Misc 2d 265).
This court respectfully disagrees with the Bracken decision (supra) and the determination of the Division of Probation and Correctional Alternatives. Their analysis puts the "cart before the horse” and overemphasizes the fact that by operation of Penal Law § 60.01 (2) (d) the sentence of imprisonment is made a condition of probation, if probation is also imposed. The portion of section 60.01 (2) (d) that should be emphasized is that portion which reads "In any case where the court imposes a sentence of imprisonment”. The statutory scheme does not permit a sentence of probation with a condition of incarceration. Rather it permits a sentence of probation to be added to a sentence of imprisonment in certain situations.
In the instant case, the petitioner was sentenced pursuant to Penal Law § 70.00 (4). That section provides for a definite sentence. The sentence of imprisonment stands on its own feet. This court can find nothing in the law that would permit this sentence to be revoked. The sentencing court then exercised its option under section 60.01 (2) (d) to also impose a sentence *522 of probation. Section 60.01 (2) (a) does not indicate that a definite sentence of imprisonment can be revoked. Indeed, section 60.01 (4) suggests that only the probation part of the sentence can be revoked.
It seems clear to this court that the petitioner was sentenced to a definite sentence of six months’ incarceration and that the sentencing court also imposed a sentence of probation which by operation of law made the definite sentence of imprisonment also a condition of probation is irrelevant. The decision of People v Krawcyk (130 Misc 2d 253) would appear to be consistent with this analysis.
It is the decision of this court that the petitioner, Samuel Antinore, is eligible to be considered for conditional release pursuant to Laws of 1989 (ch 79) and the respondent is directed to consider his application within 72 hours of receipt of this decision (excluding weekends).